# The Illinois Central Railroad Company

*v.*

# The People *ex rel.* R. Alexander, County Collector.

*Filed at Springfield May 12, 1896.*

1. TAXES—*personal judgment cannot be rendered for a special assessment.* A personal judgment cannot be rendered against the owner of the property taxed or assessed, for .a special tax or special assessment.

2. SAME—*ordinance need not be put in evidence on application for judgment for special assessment.* The People need not put in evidence the ordinance under which a special assessment was imposed, in order to obtain judgment against delinquent lands, since a *prima facie* case is made by the collector's report of such lands, with proofs of notice of the application.

3. MUNICIPAL CORPORATIONS—*inoperative provision does not invalidate ordinance.* An ordinance is not invalid because of an inoperative provision that .it shall take effect from its passage, while the statute does not permit it to go into effect until ten days after its publication.

4. EVIDENCE—*proof made by one party is available to his adversary.* The fact that an ordinance was put in evidence by the defendant does not prevent its consideration for any purpose on which it may have a bearing.

APPEAL from the County Court of Coles county; the Hon. S. S. ANDERSON, Judge, presiding.

HORACE S. CLARK, and JOHN F. SCOTT, for appellant.

JOHN H. MARSHALL, State's Attorney, JAMES W. CRAIG, and EDWARD C. CRAIG, for appellee.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the court:

This was an application by the county collector of Coles county to the county court, at the May term, 1895, for judgment against delinquent lands for taxes and special assessments assessed for the year 1894. The appellant appeared in the county court and filed certain

objections to the rendition of judgment against its lands, which, after due consideration, the court overruled and entered judgment against the lands for the amount shown to be due by the delinquent list. To reverse the judgment the appellant prayed for and obtained an appeal.

It is first claimed in the argument, if any judgment was entered by the county court it is a personal judgment against the railroad company, and hence the judgment is erroneous. In a proceeding of this character a personal judgment cannot be rendered against the owner of the property taxed or assessed, and if the point relied upon were sustained by the record the judgment would have to be reversed. As respects the first record filed, the judgment is not as formal as it should be, and there may be doubt in regard to its validity as entered; but an amended record has been filed, which clearly shows that after overruling the objections interposed by appellant a proper judgment was rendered against the lands.

It is next claimed that the ordinance under which the special assessment was made or special tax imposed for which judgment was rendered, shows upon its face that it was void and of no force, and hence all proceedings thereunder are invalid. Section 11 of the ordinance was as follows: "This ordinance shall be in force and take effect from and after its passage." And in the argument the invalidity of the ordinance is predicated on the alleged invalidity of section 11. It is said : "This section is directly in conflict with paragraph 65 of chapter 24 of the Statutes of Illinois, which provides 'that all ordinances of cities * * * imposing any fine, penalty, imprisonment or forfeiture, shall, within one month after they are passed, be published at least once in a newspaper published therein, * * * and no such ordinance shall take effect until ten days after it is so published. And all other ordinances, orders and resolutions shall take effect from and after their passage, unless otherwise provided therein.' "

The ordinance was one providing for the construction of a sidewalk, and we find no provision of the ordinance which, by a fair construction, can be regarded as imposing a fine, penalty, imprisonment or forfeiture, so that it does not fall within that clause of the section of the statute requiring publication in a newspaper before it shall take effect. But if we are not correct in this position, and the ordinance was one which should have been published in a newspaper, section 11 did not render the ordinance nugatory. If the ordinance was one which could not take effect until ten days after publication, as provided in the statute, then section 11 may be regarded as in conflict with the statute, leaving the other sections of the ordinance in full force. The mere fact that section 11 may be in conflict with the statute or prohibited by the statute does not affect the validity of the other sections of the ordinance.

It is also said the People failed to put the ordinance in evidence, and failed to prove that it had ever been published. We do not think that the People were required to put the ordinance in evidence to enable them to obtain a judgment against delinquent lands. On application for judgment against lands for taxes the collector's report of the list of delinquent lands, with proof of the notice of the application, makes out a *prima facie* case,—one in which judgment may be rendered unless good cause is shown by those contesting the application. (*Mix* v. *People*, 81 Ill. 118.) Moreover, the defendant, as the record shows, put the ordinance in evidence. It was therefore before the court as a valid ordinance for any purpose where it might have a bearing on any branch of the case.

We do not regard any of the questions raised by appellant well taken. The judgment will therefore be affirmed.                    *Judgment affirmed.*