(No. 13604.—Judgment affirmed.)

THE CITY OF NOKOMIS, Appellee, *vs.* H. H. WARSING *et al.* Appellants.

*Opinion filed December 21, 1920.*

1. SPECIAL ASSESSMENTS—*legal existence of local improvement board cannot be attacked in confirmation proceeding.* The legal existence of the board of local improvements cannot be attacked in a proceeding to confirm a special assessment.

2. SAME—*clerk may be permitted to correct date of passage of ordinance in his certificate.* On application to confirm a special assessment it is proper to permit the city clerk to correct the date of the passage of the improvement ordinance as set forth in the memorandum following the certified copy of the ordinance and in the clerk's certificate attached thereto.

3. SAME—*improvement ordinance may give engineer supervisory powers.* An improvement ordinance giving the engineer only supervisory powers in seeing that the materials and work are in accordance with the requirements of the ordinance is not subject to the objection that it vests discretionary powers in the engineer.

4. SAME—*sewer improvement may be local though it provides for a pumping station.* The fact that a sewer improvement ordinance provides for a pumping station for sewage does not change the character of the improvement as being a local improvement.

5. SAME—*when plea of release of errors disposes of objection that city has not acquired certain right of way for sewer.* An objection that a proposed sewer will cross a certain lot over which the city has not acquired a right of way is disposed of on appeal by a plea of release of errors setting up an instrument under seal, whereby the owners of such lot who joined in the appeal agree to withdraw their objections and consent to the construction of the sewer, as such objection is personal to them and cannot be relied upon by the other appellants having no interest in the lot.

6. SAME—*a city may drain new sewer into an already existing outlet sewer.* A city which has acquired the right of way for and constructed an outlet sewer from the city limits across private property may thereafter connect a new sewer with such outlet without again acquiring the right of way across such private property.

APPEAL from the County Court of Montgomery county; the Hon. J. H. RAGSDALE, Judge, presiding.

J. D. WILSON, and HOGAN & REESE, for appellants.

W. G. WEBSTER, City Attorney, and J. M. BAKER, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal from the judgment of the county court of Montgomery county confirming a special assessment to pay the cost of sewer district No. 2,—a local improvement in the city of Nokomis. H. H. Warsing and a large number of other property owners filed objections to the confirmation. The city made its *prima facie* case by the introduction of the petition, certified copy of the ordinance, recommendation, estimate of cost, proof of publication, mailing and posting of notices, assessment roll, affidavits and certificate thereto. Proof was heard on the part of the objectors. The court overruled the objections, and the objectors have prosecuted this appeal from the judgment.

The objections relied on and argued in the brief of appellants are, that the board of local improvements was illegally organized because the city superintendent of streets did not act as a member of it; that the ordinance is invalid because (*a*) the yeas and nays were not called on its passage, (*b*) it was improperly amended by the city clerk at the hearing, (*c*) it gives the engineer discretionary powers, and (*d*) it includes the construction of things· which cannot be included in the ordinance; that the proposed improvement requires the use of private property which has not been acquired by purchase, condemnation or otherwise; that it is proposed to connect the sewer with the sewer of another sewer district which has been paid for by special assessment, and that the commissioner making the assessment has not properly reported the benefits or described the boundaries of the district.

The evidence shows the city of Nokomis had no officer known as city superintendent of streets but did have an official designated as street commissioner. The recom-

mendation of the improvement, the ordinance and estimate of costs were signed by five persons as the board of local improvements but were not signed by the officer designated as street commissioner, and it is claimed he did not attend any of the meetings of the board held in connection with the proposed improvement. The court did not err in overruling the objection that the board was not legal. Its legal existence cannot be attacked in that manner. *Betts* v. *City of Naperville,* 214 Ill. 380; *Wilkin* v. *City of Robinson,* 292 id. 510.

Appellee introduced as part of its *prima facie* case a certified copy of the ordinance. At the foot of the ordinance was a memorandum in typewriting that the ordinance was, passed and approved February 5, 1920, and attached to the ordinance was a certificate of the city clerk that it was passed February 5, 1920. The ordinance was not passed February 5 but was passed at a meeting of the council February 9, and the clerk at the hearing changed the date February 5 to February 9. We see no valid objection to such change. None of the terms or provisions of the ordinance were changed. Only the memorandum and the certificate of the clerk as to the date of its passage were changed, and that change was made to show the truth as to the date the ordinance was passed. The ordinance itself, properly certified, is *prima facie* evidence that it was lawfully passed, and it is incumbent on the party challenging its lawful passage to overcome the *prima facie* case made by the production of a certified copy of the ordinance. *Lindsay* v. *City of Chicago,* 115 Ill. 120; *Chicago and Alton Railway Co.* v. *Wilson,* 225 id. 50.

Appellants did not attempt to show by the journal or minutes of the meeting of the council at which the ordinance was passed, February 9, 1920, that it was not legally and properly passed by a yea and nay vote.

The ordinance is not subject to the objection that it vests in the engineer a discretion as to the manner in which

the improvement shall be constructed or as to the materials used. It describes the improvement and the kind of materials to be used. Only supervisory powers are given the engineer in seeing that the work and materials are in accordance with the requirements of the ordinance. This is not improper. (*Village of Oak Park* v. *Galt,* 231 Ill. 365.) We have held giving the engineer discretion to make a small change in some respects will not render the ordinance invalid. *Guyer* v. *City of Rock Island,* 215 Ill. 144.

The ordinance provides for a pumping station for sewage, and it is claimed this is not a local improvement and cannot be constructed by special assessment. This court held otherwise in *Fisher* v. *City of Chicago,* 213 Ill. 268, and *Drexel* v. *Town of Lake,* 127 id. 54.

We do not understand there is any basis for the contention that the commissioner appointed to spread the assessment failed in his report to give the complete boundary lines of the district.

It is further contended that it is proposed to enter on and appropriate private property without having acquired the right to do so. Appellants claim the proposed sewer line crosses the corner of lot 12, block 2, the property of Henry Gehle. Whether this is correct or not need not be determined. It was strongly denied by appellee and much proof was offered to support its denial. Gehle is now deceased, and his executrix, widow and only heir-at-law and devisee, who joined in this appeal, have since doing so executed an instrument in writing under seal withdrawing their objections to the proposed improvement and agreeing to dismiss their appeal from the judgment of confirmation and offer no further objections to the making of the improvement. This instrument is brought to our notice by a plea of release of errors as to appellants who are the owners of lot 12, to which plea the other appellants have demurred. Whether appellee was required to plead the instrument as a release of errors as to the appellants who

295—27

signed it or not, they by that instrument waived all right, if any they had, to assign any error as to lot 12, consented the sewer should be laid where proposed, agreed to dismiss their appeal and offer no further objection to the proposed improvement. In view of that action of the owners of lot 12 the city is authorized to complete the improvement whether it will or will not be necessary to enter upon said lot, and none of the objectors being interested in that property, they cannot be heard to complain on that account. Whether the plea was the only way of presenting the question or not, it was not an improper manner of bringing the instrument to the court's attention, and the plea will be sustained.

The proposed improvement is all within the city of Nokomis, and the sewer system has its outlet into the sewer of district No. 1, at the intersection of Franklin and Walnut streets. That district has an outlet sewer extending beyond the city limits along a public highway most of its length, and where it leaves the highway it crosses private property. District No. 1 and its outlet sewer had been previously constructed by appellee and were in operation when this proceeding was begun. It is not proposed to enlarge or disturb that outlet, and it is contended that legally no outlet is provided for district No. 2. As we understand the position of appellants, it is that it was necessary for appellee to again acquire the right to the use of the property outside the city for an outlet sewer. We are of opinion it must be assumed in this case that the city lawfully acquired the right and lawfully constructed its outlet sewer when it made the improvement for drainage of district No. 1. We are further of opinion that having lawfully acquired the right to construct and maintain its outlet sewer, which we must assume it did, the city had the right to empty another sewer into it within the city limits without again proceeding to acquire the right of way outside the city limits. The ordinance provides for an outlet and in that respect it is valid.

*Bickerdike* v. *City of Chicago*, 185 Ill. 280; *Funston* v. *Hoffman*, 232 id. 360.

The judgment of the county court is affirmed.

*Judgment affirmed.*

---

(No. 13511.—Judgment reversed.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JAMES VINCI, Plaintiff in Error.

*Opinion filed December 21, 1920.*