THE CITY OF ROCKFORD, Plaintiff-Appellee, *v.* HAROLD SUSKI,
Defendant-Appellant.

Second District    No. 80-4

Opinion filed November 26, 1980.

J. F. Henkinger, of Berry, Berry & Heckinger, of Rockford, for appellant.

A. Curtis Washburn, Kathleen Elliott, and Dennis Leahy, all of Rockford, for appellee.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

The defendant, Harold Suski, was fined for failure to obtain building and plumbing permits prior to remodeling two of his apartment buildings. He appeals, contending that the city failed to make the relevant codes available for public inspection pursuant to statute, and failed to

give the requisite notice established by the codes prior to bringing court proceedings.

In a bench trial, the defendant was found to be in violation of section 2.2(a) of the Rockford Plumbing Code for failure to obtain permits prior to commencing work on both buildings, one located at 405 South Third Street and the other at 409 South First Street in Rockford. He was also found to be in violation of section 102.1 of the National Building Code, which was included by reference in an ordinance of the city, for failure to obtain a building permit for construction work at the 409 South First Street building.

At trial, several Rockford building inspectors testified that they had inspected both of the apartment buildings in question and had discovered that extensive construction work had been done at each location. They testified that no building or plumbing permits had been issued for the 409 South First Street building and that no plumbing permits had been issued for the 405 South Third Street building. The inspectors testified that they had discovered plumbing violations at both locations and that to the best of their knowledge the list of the code violations had been transmitted to the defendant.

The defendant testified that he had obtained a building permit for the 409 South First Street building, but that he had not obtained plumbing permits for either structure. He said that he had attempted to obtain building permits for both properties after the inspections and again after the initiation of the law suit. He also stated that he had received no written notice of the plumbing code violations and had received no list of any building code problems. At the conclusion of the hearing the trial court found the defendant guilty of the violations charged and assessed fines in the amounts of $1,050 and $1,805 for the respective violations.

At the hearing on the defendant's motion for modification of the judgment, defendant testified that he had twice attempted to obtain copies of the National Building Code and the Plumbing Code at the Rockford city clerk's office but was told that they were unavailable at that office. He said that he was directed to the building department where he discovered that he might peruse a copy of the codes, however.

The city clerk testified that he believed that the codes were available in his office but that he could not be positive. Further, he was not positive as to whether copies of these codes had been placed in his office 15 days prior to the passage of the ordinance which adopted the codes. Other officials testified to the usual procedures which were that if construction had been initiated without a permit a stop work order would be issued and subsequently written notice of the specific violation would be given to the offending builder. In response to the notice, the builder could either apply for a permit or appeal the order to the Rockford Board of

Appeals for a variation, and only if the builder were unsuccessful would legal action be taken against him. A building official also testified that the defendant had picked up information regarding all inspection reports which had been made on the two buildings in question. There was also evidence in the record that the defendant had done construction work at the 409 South First Street building on a previous occasion and had obtained a building permit for the work. The defendant's motion for modification of the judgment was denied, and this appeal followed.

Defendant first argues that the trial court erred in denying his motion for a new trial for failure to file three copies of any code which is adopted by reference in an ordinance with the clerk of the municipality for a period of 15 days prior to the adoption of the ordinance. This, he claims, is mandated by section 2 of the act authorizing municipalities to incorporate by reference the provisions of nationally recognized technical codes and public records. (Ill. Rev. Stat. 1979, ch. 85, par. 1002.) The city answers that these provisions do not apply to the city of Rockford since it is a home-rule unit, even though it may choose to use the statute as a reference for adopting its ordinances under its home-rule powers.

Section 2 as relevant provides:

"Any municipality is hereby authorized to adopt by reference, as criteria for the issuance of construction, reconstruction, alteration or installation permits, the provisions of any code or portions of any code as herein defined, without setting forth the provisions of such codes in full, provided that at least three (3) copies of such code which is incorporated or adopted by reference are filed in the office of the clerk of the municipality and there kept available for public use, inspection, and examination. * * * The filing requirement herein prescribed shall not be deemed to be complied with unless the required copies of such code or public record are filed with the clerk of such municipality for a period of 15 days prior to adoption of the ordinance which incorporates such code or public record by reference."

Defendant argues that he was unable to review copies of the two codes at the city clerk's office due to their unavailability at that office and further emphasizes the fact that the city clerk could not positively state that copies of the code were being held for public inspection at his office or that the copies had been filed 15 days prior to the enactment of the ordinance. He thus urges that the codes must be deemed invalid. At the outset we note that section 2 would not be applicable to the Rockford Plumbing Code since the record shows it was enacted in full as an ordinance of the city of Rockford without any reference to the rules and regulations of any national trade association. A question remains as to the validity of the ordinance in question which adopted the National Building

Code, 1967 edition,[1] taken in light of the fact that the city of Rockford is a home-rule unit.

■■■ We agree with the argument of the city that its authority does not come from the statute in question but from its constitutional exercise of home-rule powers. It is established that a home-rule unit's exercise of the powers granted in article VII, section 6, of the Constitution of 1970 will supersede any conflicting pre-1970 constitution legislation. (*Kanellos v. County of Cook* (1972), 53 Ill. 2d 161, 166-67; *Sommer v. Village of Glenview* (1980), 79 Ill. 2d 383, 392.) Parenthetically, it is significant that the legislature has evinced an intent that procedures for passage of ordinances were meant to be within home-rule powers. Section 1—3—2 of the Illinois Municipal Code is nearly identical in its terms with the act in question. When section 1—3—2 was amended in 1975 the legislature added the provision that the statute "is not a limit upon any municipality which is a home rule unit." (Ill. Rev. Stat. 1979, ch. 24, par. 1—3—2.) This indicates that the procedures for adoption by reference were not meant to preempt the powers of a home-rule unit. The enactment of the Rockford Building Ordinance was an exercise of the city's home-rule powers. *Cf. Sommer v. Village of Glenview* (1980), 79 Ill. 2d 383, 393. See also *City of Champaign v. Kroger Co.* (1980), 88 Ill. App. 3d 498.

Moreover, even if section 2 were to be considered applicable the result would not change in our view. As a general rule, a municipal ordinance is presumed to be valid and the burden of proving its invalidity falls upon the one who attacks the ordinance. *Mulligan v. Dunne* (1975), 61 Ill. 2d 544, 558; *Wright v. County of Winnebago* (1979), 73 Ill. App. 3d 337, 341.

The defendant, in fact, did not question the validity of the ordinance until after the court's decision. In connection with defendant's motion for a modification of the judgment he for the first time attacked the ordinance on the ground that there was no proof that at least three copies of the code included by reference in the Rockford Building Ordinance had been filed with the clerk of the municipality at least 15 days before the ordinance was adopted and thereafter kept on file in the office of the clerk. (Ill. Rev. Stat. 1979, ch. 85, par. 1002.) Defendant notes in this connection that the clerk "believed" that this was done but was not "positive" if the copies were in his office and if so how many; and that he, on two separate occasions, requested of the clerk that the documents be made available to him but that both times his request was denied.

The procedural requirements of adoption by reference seem clearly intended to enable builders and contractors to become aware of stan-

---

[1] "Recommended by the American Insurance Association, successor to the National Board of Fire Underwriters."

dards they must meet to avoid potential building violations. It is true that failure of a municipality to prove publication of an ordinance may render it invalid. (See, e.g., *Indian Valley Gold Club, Inc. v. Liquor Control Com.* (1973), 12 Ill. App. 3d 141, 145. See also *Geneva Residential Association, Ltd. v. City of Geneva* (1979), 77 Ill. App. 3d 744, 751-52.) Here, however, the failure claimed is not that the ordinance was not published but that the municipality failed to keep three copies of the referenced code in the clerk's office as directed by the statute, and we perceive this to be a different matter. Publication of ordinances is a necessary prerequisite to the public's knowledge of the contents of ordinances, but the requirement that a national code incorporated by reference be on file prior to their effective date is less essential for public notice, since such codes are available elsewhere. It is important that no contention is made that the ordinance which incorporated the code by reference was not duly published.

■■ With respect to the requirement that three copies be available in the clerk's office at all times, there are sound reasons to conclude that that provision was meant to be directory rather than mandatory. The requirements of section 2 are continuing obligations, and defendant's argument would require that the municipality prove that on any given day three copies of the referenced code were available in the clerk's office. The question of whether procedural requirements are mandatory or directory can be seen as one of legislative intent. (*Cf. In re Annexation to City of Darien* (1973), 16 Ill. App. 3d 140, 145-46.) The ordinance would alternate between validity or invalidity depending upon the availability of the codes in the clerk's office at any given time. We cannot ascribe that intent to the legislature. We conclude that even if the statute were considered to be applicable, the provisions requiring the availability of three copies at all times is a directory provision which does not affect the validity of the ordinance unless the defendant can affirmatively prove prejudice. We do not find that the burden is upon the municipality even if we were to hold section 2 applicable.

Defendant has also argued that by referencing the National Building Code, 1967 edition, the municipality had set forth an administrative procedure which it was found to follow. Section 105.1 of that code states:

"Whenever the building official is satisfied that a building or structure, or any work in connection therewith, the erection, construction, addition or alteration, execution of which is regulated, permitted or forbidden by this code, is being erected, constructed, added to or altered, in violation of the provisions or requirements of this code, or in violation of a detailed statement or plan submitted and approved thereunder, or of a permit or certificate issued thereunder, he shall serve a written notice or

order upon the person responsible therefor directing discontinuance of such illegal action and the remedying of the condition that is in violation of the provisions or requirements of this code." Defendant also argues that section 2.1(r) of the Plumbing Code of the City of Rockford also provides that notice of plumbing violations must be given together with a reasonable time to correct them. The Plumbing Code provides in substance that if the plumbing inspector finds that work is defective or installed in violation of the Code he must notify the owner in writing to correct the condition within a reasonable time. Plumbing Code of the City of Rockford, Illinois, §2.1(r).

■■ Again, this contention was brought up for the first time after the decision of the trial court and in connection with the motion to modify the judgment. It is clear that the notice provisions in these codes are designed primarily to deal with construction violations rather than the failure to obtain a permit. We do not read the provisions as leading to the conclusion that notice would be required for a violation such as a failure to obtain the permit. The defendant is given no right to violate provisions of the code until notified. The provisions afford a course of procedure for administrative officials in the enforcement of city building, fire and health regulations, but are not intended to supplant the right of a municipality to sue for a penalty for violation of its ordinances. See *City of Chicago v. Hadesman* (1958), 17 Ill. App. 2d 150, 155-56.

Further, the trial court could well have concluded from the evidence that the defendant had actual notice of the violations. The evidence indicated that the city building inspectors investigated. the apartment buildings at both locations and that a list of the violations was transmitted to the defendant. It would not be unreasonable for the court to infer that permit violations were included in the overall list of violations. Moreover, the defendant had done construction work at the building located at 409 South First Street on a previous occasion and had obtained a building permit for the work so that he was aware of the requirement that a permit be secured.

The judgment of the trial court is affirmed.

Affirmed.

UNVERZAGT and NASH, JJ., concur.