RALPH VonBOKEL, Plaintiff-Appellant, *v.* THE CITY OF BREESE, Defendant-Appellee.

Fifth District    No. 80-604

Opinion filed September 29, 1981.

William J. Becker, of Bruegge & Becker, of Breese, for appellant.

Harold H. Pennock, Jr., of Hodson & Pennock, Ltd., of Centralia, for appellee.

Mr. JUSTICE HARRISON delivered the opinion of the court:

Plaintiff Ralph VonBokel appeals from a November 1980 order dismissing his amended complaint with prejudice. VonBokel, challenging the validity of the Breese Zoning Ordinance, filed a three-count complaint alleging improper amendment of the ordinance, improper publication, and equitable estoppel. He requested a declaration that the ordinance was null and void, and he sought to enjoin the municipality from refusing his application for a certificate of initial zoning compliance. He also asked for money damages. Although never denominated as such, defendant re-

sponded by filing what appears to be a section 48 motion to dismiss, which the trial court granted. (Ill. Rev. Stat. 1979, ch. 110, par. 48.) The issue raised on appeal is whether the amended complaint stated a cause of action. We hold that it did not and, therefore, affirm the judgment of the trial court.

VonBokel first contends that the trial court erred in dismissing count I of the amended complaint. In count I, he attacked the Breese Zoning Ordinance on the grounds that the provision which set the effective date of passage of the ordinance had been amended contrary to the rules provided in article 9, section 9—4, of that same ordinance and contrary to the rules contained in the Illinois Municipal Code, section 11—13—14 (Ill. Rev. Stat. 1979, ch. 24, par. 11—13—14).

The zoning ordinance which VonBokel seeks to invalidate was in the planning and drafting stages since 1977. At that time, a commission was appointed and public hearings conducted. On January 16, 1979, the Breese City Council met and adopted the final draft of the proposed ordinance. The minutes of the January 16 meeting show that, after a roll-call vote carrying the motion to adopt, the city council answered various questions pertaining to the ordinance and then, on a motion by one of the aldermen, decided to change the date upon which the new ordinance would take effect. By a unanimous vote, the ordinance was made effective 10 days from the date of passage, rather than 30 days from the date of passage as had originally been provided. Because the ordinance was effective 20 days sooner, the city council was subsequently able to rely on a minimum lot size requirement contained therein as a basis for rejecting plaintiff's application for zoning compliance.

VonBokel maintains that the correct procedure for changing the effective date, as for making any type of amendment to the ordinance, is set forth in section 9—4 and involves submission of a formal motion to amend followed by notice to the public, preliminary hearings, and a report by the Zoning Board of Appeals. He claims that defendant's failure to follow this procedure renders the amended portion void.

■■ Plaintiff reads section 9—4 too broadly. The city council's action changing the effective date of the ordinance was not the type of amendment contemplated by the drafters of section 9—4. The procedures contained in that provision apply only to substantive amendments made after a zoning ordinance has been finally approved. In this case, the ordinance was not "finally" approved until adjournment of the January 16 meeting, and the revision sought was minor. (See *City of Kankakee v. Small* (1925), 317 Ill. 55, 63-64, 147 N.E. 404.) We will not, therefore, impose the rigorous formalities of section 9—4 on a situation where a minor change in an ordinance was suggested during the same meeting as

the vote to adopt the ordinance, and where no significant time lapsed, between the original vote and the suggestion to amend, during which the matter could be said to have officially terminated. *People ex rel. MacMahon v. Davis* (1918), 284 Ill. 439, 448-49, 120 N.E. 326.

■■ Since we are not bound by the construction or application of a statute which distorts its intent and purpose (*Aurora National Bank v. City of Aurora* (1980), 82 Ill. App. 3d 72, 76, 402 N.E.2d 365), plaintiff's first count was properly dismissed for failure to state a cause of action.

■■ Plaintiff next contends that the trial court erred in dismissing count II, which alleged improper publication of the ordinance. The published document read in pertinent part:

> "This ordinance shall take effect thirty (10) days after its final passage, approval and publication as provided by law. (See Ill. Rev. Stat. ch. 24, §1—2—4)."

Plaintiff claims that the failure of the council to correct the printing error ("thirty (10)") by republication violates the Illinois Municipal Code, section 1—2—4, which provides that improper publication of any ordinance imposing fines or penalties must be corrected by "reprinting that portion of the ordinance which was in error * * * within 30 days after passage is validated. * * *." Ill. Rev. Stat. 1979, ch. 24, par. 1—2—4.

The Breese Zoning Ordinance does subject violators to a fine (art. 8, §8—7), and thus, technically, its improper publication would trigger the reprinting rule in section 1—2—4. The defendant, however, argues that the printing error in this case does not warrant republication because the error did not affect the substance of the ordinance. This argument is well taken. In the past, when the date of passage of an ordinance has been incorrectly represented in records or documents, the court invariably treated the discrepancy as inconsequential. (See *City of Nokomis v. Warsing* (1920), 295 Ill. 414, 416, 129 N.E. 71.) In fact, the court has refused to invalidate ordinances in which the deliberating body incorrectly set the effective date of passage, stating that such an error does not affect the validity of the ordinance or defeat its main purpose. *Illinois Central R.R. Co. v. People ex rel. Alexander* (1896), 161 Ill. 244, 246, 43 N.E. 1107; *Ketchmark v. Lynch* (1969), 107 Ill. App. 2d 36, 42-43, 246 N.E.2d 133.

Zoning ordinances are presumed valid. (*City of Rockford v. Suski* (1980), 90 Ill. App. 3d 681, 684, 413 N.E.2d 527.) Their promulgation and passage lies within the province of the local governing body. Consequently, courts will not interfere unless it can be shown that a municipality has performed arbitrarily, capriciously, or in a manner unrelated to the public's health, safety, and morals. (*City of Champaign v. Kroger Co.* (1980), 88 Ill. App. 3d 498, 503, 410 N.E.2d 661.) Plaintiff did not demon-

strate this in his amended complaint. As defendant pointed out, the printing error was minor and did not affect the ordinance substantively. Thus, the second contention of error necessarily fails.

VonBokel's final argument is that the trial court erred in dismissing count III of the amended complaint in which he invoked the doctrine of equitable estoppel. In the complaint, plaintiff maintained that he relied on the actions of the Breese City Council and the Breese Zoning Commission, and was induced to expend money because of their conduct. He stated that, at certain public hearings and city council meetings during 1978, the zoning commission advised those present that the effective date of the ordinance would be 30 days from passage. He further alleges that, in reliance upon these representations, he began to develop plans for a subdivision in an area commonly known as "Bokel's Subdivision." In September of 1978, he hired a land surveyor to plat the subdivision and perform other related tasks. The surveyor prepared several plats for approval by the county board, the final one being presented at a board meeting in January, prior to the January 16 Breese City Council meeting. At the board meeting, certain officials indicated they would definitely approve the plat if VonBokel would revise it to permit access to several of the lots in the subdivision. VonBokel claims the officials made this assurance because they, too, relied on the new ordinance's not taking effect until 30 days from passage (*i.e.*, February 16).

Thereafter, VonBokel completed the necessary revisions and submitted the plat to the county board. It was approved at the February 13 meeting. On the same day, he recorded all the subdivision's deeds at the county recorder's office. Prior thereto, the new Breese ordinance was passed. It zoned VonBokel's subdivision for agricultural use only, and contained a minimum three-acre lot size requirement which VonBokel's properties did not meet. The city council then denied VonBokel's request for a certificate of zoning compliance, stating that his lots failed to comply with the three-acre requirement. Next, he submitted an application for variance of lot size under section 7—2, which creates an exception for those property owners whose deeds were recorded 30 days prior to enactment of the new ordinance. The city council denied this application as well, since his deeds were not recorded until February 13 and the ordinance was enacted on January 16.

VonBokel, claiming to have spent money for engineering, surveying, legal fees, and other costs incidental to the development of the proposed subdivision, contends that the municipality should be equitably estopped from denying his applications for zoning compliance and lot variance because of its acts inducing him to make the expenditures.

■■■ Where governing bodies are concerned, estoppel can only be invoked under extraordinary circumstances. Before estoppel can be found,

the party seeking it must show that (1) there occurred an affirmative act on the part of the municipality and that (2) the affirmative act induced substantial reliance. (*County of Cook v. Patka* (1980), 85 Ill. App. 3d 5, 12-13, 405 N.E.2d 1376.) Plaintiff has not pleaded facts sufficient to establish either an affirmative act of inducement on the part of the defendant or substantial reliance on his own part. From the allegations, it cannot be said that the City of Breese encouraged plaintiff to develop his subdivision. Nor can defendant be held responsible for assurances allegedly made by officers of the Clinton County Board. *County of Cook v. Patka* (1980), 85 Ill. App. 3d 5, 13.

In plaintiff's amended complaint, he stated that he was aware of the zoning commission's plan to enact a new ordinance. He also stated that he knew about the public hearings concerning the text of the ordinance. Thus, he had the opportunity to, and apparently did, fully apprise himself of the fact that the new ordinance would outlaw the use he sought to make of the property in question. He knew, before the development was platted or recorded, that it did not conform to the proposed lot size requirement in that particular zoning district. In fact, he stated in his complaint that, at the January meeting of the Clinton County Board, he questioned whether he would be able to continue with his proposed development if he did not get his plat approved before the Breese City Council passed its ordinance. Under these circumstances, plaintiff has failed to show inducement or reliance, and thus is not entitled to claim protection under the equitable estoppel doctrine. *County of Cook v. Patka* (1980), 85 Ill. App. 3d 5, 14; *City of Champaign v. Kroger Co.* (1980), 88 Ill. App. 3d 498, 512.

Accordingly, since the amended complaint failed in all three counts to allege the necessary facts to state a cause of action, we uphold the trial court's dismissal.

Affirmed.

KASSERMAN, P. J., and KARNS, J., concur.