# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

July 1, 2004

**Before**

**Hon.** DANIEL A. MANION, *Circuit Judge*

**Hon.** MICHAEL S. KANNE, *Circuit Judge*

**Hon.** TERENCE A. EVANS, *Circuit Judge*

| | |
|---|---|
| CHRIST UNIVERSAL MISSION CHURCH,<br>*Plaintiff-Appellee,*<br><br>**No.** 02-4119 | Appeal from the United States<br>District Court for the Northern<br>District of Illinois, Eastern Division. |
| v. | No. 01 C 1429 |
| CITY OF CHICAGO,<br>*Defendant-Appellant.* | Wayne R. Andersen,<br>*Judge.* |

## ORDER

The slip opinion issued in the above-entitled cause on March 26, 2004, is amended as follows:

Page 12, at the end of the first full paragraph, insert a footnote following the lines " . . . the ordinance as amended was lawful at the time Christ Universal purchased its property in June 2000."

> We observe that 65 Ill. Comp. Stat. 5/1-2-4, which outlines the method by which fine-imposing statutes should be corrected if there is an error in printing, does not apply in this circumstance. *See VonBokel v. City of Breese*, 427 N.E.2d 322, 324 (Ill. App. Ct. 1981). In *VonBokel*, the court concluded § 5/1-2-4 need not be strictly adhered to because there was no evidence that the printing error resulted from any bad faith on the part of the city. In addition, the *VonBokel* court noted that it considered the error minor and one that did not affect the ordinance substantively. Similarly, here there's no evidence of anything but an oversight on

the part of the Journal's managing editor in miscopying the approved version of the amended CZO. And, considering the negligible effects of the error outside this particular case, the City's consistent application of the ordinance as originally passed, and its subsequent efforts to correct the scrivener's error, strict adherence to the republication requirements of § 5/1-2-4 was unnecessary under Illinois law.

Further, on consideration of the petition for rehearing filed in the above-entitled cause, all of the judges on the original panel have voted to deny a rehearing. Accordingly,

IT IS ORDERED that the aforesaid petition for rehearing be, and the same is hereby DENIED.