LEROY BONERT, Plaintiff-Appellant, v. THE VILLAGE OF SCHILLER PARK, Defendant-Appellee.

First District (2nd Division)    No. 1—00—1529

Opinion filed May 15, 2001.

Kelly A. Saindon, Paul G. O'Toole, and Stephanie P. Rosen, all of Reibman, Hoffman & Baum, of Chicago, for appellant.

John J. Zimmermann, Michael F. Zimmermann, and Delbert L. Ulreich, all of Bradtke & Zimmermann, Ltd., of Mount Prospect, for appellee.

JUSTICE McBRIDE delivered the opinion of the court:

Plaintiff Leroy Bonert brought a negligence action against defendant Village of Schiller Park to recover damages for injuries he sustained when he tripped over an indentation at the intersection of Grace Street and an alleyway in Schiller Park. On defendant's motion, the circuit court granted summary judgment in its favor and against plaintiff. Plaintiff contends on appeal that summary judgment was improper because he was an intended and permitted user of the street under section 3—102(a) of the Local Governmental and Governmental Employees Tort Immunity Act (Act) (745 ILCS 10/3—102 (West 1998)).

Plaintiff filed a complaint alleging that defendant failed to use reasonable care to maintain the public "side way" and alley, and failed to warn plaintiff of the dangerous condition. Plaintiff also alleged that defendant failed to repair the side way and the alley, and failed to erect barriers or warning signs to minimize the hazardous condition. The second count alleged that defendant's conduct was "willful and wanton."

Defendant filed a motion for summary judgment, alleging that it was immune from liability under section 3—102 of the Act (745 ILCS 10/3—102(a) (West 1998)) because plaintiff was not an "intended and permitted" user of the street. Defendant also alleged that plaintiff did

not come within the exception which classifies those pedestrians in the immediate vicinity of their lawfully parked vehicles as intended and permitted users of the street.

In support of its motion for summary judgment, defendant attached the transcript of plaintiff's deposition testimony. Plaintiff stated in his deposition that on March 11, 1996, at about 6:50 a.m., he was walking from his apartment located on Irving Park Road, to his car parked on the west side of Grace Street. Plaintiff explained that his apartment borders an alley that runs in an east-west direction, while Grace Street runs in a north-south direction and intersects Irving Park Road. Plaintiff's apartment was located east of Grace Street. Plaintiff stated that it was his habit to walk through the alley and cross over to the west side of Grace Street to get to his parked car. Plaintiff also explained that there are sidewalks on both sides of Grace Street and that the nearest crosswalk was at the intersection of Irving Park Road and Grace Street.

When plaintiff left his apartment that morning, he walked through the alley toward his car, which was parked slightly north of the alley on the other side of Grace Street. Plaintiff stated that as he approached Grace Street, he tripped on an "indentation" that was pooled with water in the area where the alley meets the street. According to plaintiff, the indentation was approximately 3 feet wide and 8 to 10 feet long, and $1\frac{1}{2}$ to 2 inches deep. Plaintiff stated that after he stumbled, he "picked up speed," tried to put his arm out to catch himself, but fell in the middle of the street. When plaintiff was presented with a photograph, he clarified that he started to trip "past the telephone pole in the street."

Plaintiff was presented with several other photographs depicting the intersection of Grace Street and the alley. The record contains some of these photographs, one of which depicts Grace Street and a portion of the alley. The photograph shows cars parked on the opposite side of the street, but no meters, street markings or signs are shown.

Defendant also supported its motion with the discovery deposition of Glenn Spachman, defendant's comptroller and manager. Spachman stated that he and Officer Steve Lee performed a "site inspection," during which Officer Lee pointed out that he found plaintiff in the middle of the street when he arrived at the scene. Spachman estimated that plaintiff fell in the middle of the street at a distance of 12 feet from either side of the street.

Thereafter, plaintiff filed his response to defendant's motion for summary judgment, alleging that he came within the exception to the Act because he was walking within the boundaries of a parking lane

when he tripped. Plaintiff attached several photocopies of photographs of the area in support of his response. However, little can be discerned from these photocopies.

Following arguments, the trial court granted defendant's motion for summary judgment.

On appeal, plaintiff contends that the trial court erred, as a matter of law, in granting defendant's motion for summary judgment because a question of fact remains as to whether plaintiff was an "intended and permitted" user of the street at the location where he tripped on the indentation.

■ In a cause of action based on negligence, the plaintiff must establish the existence of a duty, a breach of that duty and an injury proximately resulting from a breach of that duty. *Curatola v. Village of Niles*, 154 Ill. 2d 201, 207 (1993). Whether a duty of care exists is a question of law to be determined by the court and thus may be determined on a motion for summary judgment. *Wojdyla v. City of Park Ridge*, 148 Ill. 2d 417, 421 (1992). Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 102 (1992). Orders granting summary judgment are subject to *de novo* review. *Boub v. Township of Wayne*, 183 Ill. 2d 520, 524 (1998).

■ The duty of a local government entity to maintain its property is limited by section 3—102(a) of the Act, which states in pertinent part:

"[A] local public entity has the duty to exercise ordinary care to maintain its property in a reasonably safe condition for the use in the exercise of ordinary care of people whom the entity intended and permitted to use the property in a manner in which and at such times as it was reasonably foreseeable that it would be used, and shall not be liable for injury unless it is proven that it has actual or constructive notice of the existence of such a condition that is not reasonably safe in reasonably adequate time prior to an injury to have taken measures to remedy or protect against such condition." 745 ILCS 10/3—102(a) (West 1998).

According to this statute, a municipality has a duty to maintain its property only for people who are both "intended and permitted" users of the property. *Montano v. City of Chicago*, 308 Ill. App. 3d 618, 622 (1999). The general rule with regard to the duty of a municipality to maintain its streets in a reasonably safe condition is that, because pedestrians are not intended users of streets, a municipality does not owe a duty of reasonable care to pedestrians who attempt to cross a street outside the crosswalks. *Vaughn v. City of West Frankfort*, 166

Ill. 2d 155, 158 (1995). Courts have recognized a narrow exception to this rule, finding that pedestrians entering or exiting legally parked vehicles on the street are intended and permitted users of the street in the area around the vehicle. *Curatola*, 154 Ill. 2d at 213. The location of the plaintiff at the time of the injury is therefore relevant in determining whether the municipality owes him a duty of care. See *Wojdyla*, 148 Ill. 2d at 425. Finally, a municipality manifests its intent that people park their vehicles and enter or exit them in areas where signs, meters and pavement markings designating parking spaces are displayed. *Sisk v. Williamson County*, 167 Ill. 2d 343, 351 (1995).

On appeal, plaintiff does not claim that he was an "intended and permitted" user of the street under the general rule. Instead, he argues that he falls within the exception stated in *Curatola* because he was walking "in the boundaries of a parking lane" in the immediate vicinity of his lawfully parked car when he tripped and fell.

In *Curatola*, a truck driver who was parked near a curb twisted his foot on the edge of a pothole while unloading his truck. The court stated that "[a]ny duty to maintain the street area immediately around lawfully parked vehicles for those exiting and entering them will be bound by the parameter of parking lanes." *Curatola*, 154 Ill. 2d at 214.

Here, plaintiff stated in his deposition that he parked on the west side of Grace Street, walked west down the alley, and tripped on an indentation where the east side of Grace Street intersected the alley. Plaintiff also testified that he fell on the indentation where a pool of water was located near the mouth of the alley. One of the photographs clearly shows that the only pool of water in an indentation was located where the street met the alley, across the street from where cars were parked. Furthermore, plaintiff clarified that he started to trip "past the telephone pole in the street." The photograph to which plaintiff was referring shows that the telephone pole is on the opposite side of the parked cars. Glen Spachman also stated in his deposition that a police officer showed him that plaintiff was found in the middle of the street when he fell.

■ Plaintiff has failed to establish any facts to support his claim that he was in the "immediate vicinity" of his lawfully parked car when he tripped, particularly in light of his own deposition testimony that he fell at the intersection of Grace Street and the alley. The photographs show that the only area where cars were parked was on the opposite side of Grace Street, which was clearly not within the immediate vicinity of where plaintiff tripped. Moreover, plaintiff did not allege how far away his car was parked from the place where he fell. Unlike the plaintiff in *Curatola*, plaintiff was not in the immediate

vicinity of his car when he tripped, but was instead crossing the street outside a designated crosswalk in order to reach his car. The exception stated in *Curatola* cannot be properly interpreted to mean that the entire street was a "parking lane."

After reviewing the pleadings, deposition testimony, and exhibits, we find no issue of material fact exists as to the location of plaintiff's fall in relation to where his car was parked. The trial court was correct in ruling as a matter of law that plaintiff was not an intended and permitted user of the street, and we agree that defendant did not owe plaintiff a duty of care under section 3—102(a) of the Act.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

GORDON and COUSINS, JJ., concur.