FIFTH DIVISION
January 12, 2007

No. 1-05-3856

| | | |
|---|---|---|
| MICHELLE WILLIAMS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| . | ) | No. 03 L 7208 |
| | ) | |
| THE CITY OF CHICAGO, | ) | Honorable |
| | ) | Arnette R. Hubbard, |
| Defendant-Appellee. | ) | Judge Presiding. |

PRESIDING JUSTICE O'BRIEN delivered the opinion of the court:

Plaintiff, Michelle Williams, filed a complaint sounding in negligence against defendant, the City of Chicago, seeking recovery for injuries allegedly suffered when she fell while stepping on a curb at or near 6725 South Campbell Avenue in Chicago. The circuit court granted a directed verdict in favor of defendant, finding that defendant owed no duty to plaintiff because she had jaywalked in order to access the curb upon which she fell. Plaintiff appeals. We affirm.

At trial, plaintiff testified that on February 7, 2003, she visited the home of a friend, Gwendolyn Jackson, in the 6700 block of South Campbell Avenue. Kimball Johnson drove plaintiff there and parked the car directly across the street from Ms. Jackson's home. The passenger side of the car was parked along the curb. Plaintiff, who was sitting in the front passenger seat, exited the vehicle and went inside Ms. Jackson's home. At about 11:30 p.m., plaintiff left Ms. Jackson's home and walked directly across the street at mid-block, not at a crosswalk. She walked around the back of the vehicle. She did not look down and did not see anything concerning the condition of the curb. She stepped up onto the curb with her right foot, then brought her left foot up on the curb. She turned and stepped forward with her right foot,

which became caught in an opening or hole in the curb. Plaintiff fell and broke her ankle.

The trial court granted defendant's motion for a directed verdict, finding that defendant owed no duty to plaintiff because she had jaywalked in order to access the curb upon which she fell. Plaintiff filed this timely appeal.

Verdicts ought to be directed only when all the evidence, viewed in the light most favorable to the opponent, so overwhelmingly favors the movant that no contrary verdict based on that evidence ever could stand. Evans v. Shannon, 201 Ill. 2d 424, 428 (2002). Review is de novo. Mulloy v. American Eagle Airlines, Inc., 358 Ill. App. 3d 706, 712 (2005).

To state a cause of action for negligence, plaintiff must establish that defendant owed a duty of care, that defendant breached the duty, and that plaintiff's injury was proximately caused by the breach. Curatola v. Village of Niles, 154 Ill. 2d 201, 207 (1993). Defendant's duty is limited by section 3-102(a) of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act), which provides:

> "[A] local public entity has the duty to exercise ordinary care to maintain
> its property in a reasonably safe condition for the use in the exercise of ordinary
> care of people whom the entity intended and permitted to use the property in a
> manner in which and at such times as it was reasonably foreseeable that it would be
> used ***." 745 ILCS 10/3-102(a) (West 2003).

Thus, under the Tort Immunity Act, defendant has a duty to maintain its property only for people who are both "intended and permitted" users of the property. Bonert v. Village of Schiller Park, 322 Ill. App. 3d 557, 560 (2001).

Generally, since pedestrians are not intended users of streets, defendant does not owe a

duty of reasonable care to pedestrians who attempt to cross a street outside the crosswalks. Bonert, 322 Ill. App. 3d at 560. Courts have recognized a narrow exception to this rule, holding that pedestrians entering or exiting legally parked vehicles on the street are intended and permitted users of the street in the area around the vehicle. Bonert, 322 Ill. App. 3d 561; Curatola v. Village of Niles, 154 Ill. 2d 201, 213 (1993). Our supreme court has held that a "duty is imposed in these cases because when a municipality provides a parking space on a street, it manifests an intent that people should walk in the area immediately around the parking space." Sisk v. Williamson County, 167 Ill. 2d 343, 351 (1995).

In the present case, plaintiff claims that she falls within the exception stated in Curatola because at the time of her injury, she was walking along the curb in the area immediately adjacent to the parking space. We disagree. In Curatola, a truck driver who was parked near a curb twisted his foot on the edge of a pothole while exiting his truck. Curatola, 154 Ill. 2d at 204. As it was impossible for the truck driver to exit his vehicle without walking in the street, the supreme court held that his use of the immediately surrounding street to exit the vehicle was intended and permitted. Curatola, 154 Ill. 2d at 215-16.

In contrast, plaintiff's use of the street and the curb at the time of her injury was not intended and permitted. The defendant here provided a crosswalk and sidewalk for pedestrian traffic and for ingress and egress to parked cars. Clearly, the defendant intended that plaintiff cross at the crosswalk, walk along the sidewalk toward her car, then step onto the curb and into the car. Instead, though, the plaintiff crossed the street outside the crosswalk, stepped up onto the curb from mid-street, and was starting to walk along the curb toward the car when she fell and injured herself. As plaintiff's use of the street and curb at the time of her injury was not intended

and permitted, the defendant owed her no duty. Accordingly, we affirm the directed verdict in favor of defendant.

As a result of our disposition of this case, we need not address the other arguments on appeal.

Affirmed.

TULLY and O'MARA FROSSARD, JJ.'s concur.