GEORGE VLAHOS, Plaintiff-Appellant, v. THE CITY OF CHICAGO, Defendant-Appellee.

First District (5th Division) No. 1—89—2100

Opinion filed May 11, 1990.

James E. Ocasek, of Cooney & Conway, of Chicago, for appellant.

Kelly R. Welsh, Corporation Counsel, of Chicago (Ruth M. Moscovitch and Michelle A. Hutchinson, Assistant Corporation Counsel, of counsel), for appellee.

JUSTICE GORDON delivered the opinion of the court:

Plaintiff, George Vlahos, brought this action against defendant, City of Chicago, to recover for injuries he sustained when he stepped into the street and fell. Plaintiff was not walking within a crosswalk when he fell. Plaintiff alleged that defendant had torn up the street to repair water pipes and completed those repairs three months earlier, but neglected to finish the street repairs, leaving a large hole. As plaintiff stepped off the curb onto the street to proceed to the driver's side of his truck, which was double-parked, he was injured.

Defendant moved for summary judgment on the grounds that a municipality owes no duty to a pedestrian walking upon a public street outside of a crosswalk. Defendant claimed that plaintiff's traversing the street to return to his double-parked truck did not make him an intended and permitted user within the purview of section 3—102(a) of the Local Governmental and Governmental Employees Tort Immunity Act (hereafter Act) (Ill. Rev. Stat. 1987, ch. 85, par. 3—102(a)).

The circuit court granted summary judgment, finding that defendant had no duty to maintain its streets for pedestrians whether they were going across the street, off the curb, or to get into their cars, even though the defendant had created the problem itself.

Plaintiff appeals, contending (1) defendant had a duty to maintain its property in reasonably safe condition for its intended, expected, and foreseeable uses, including all areas intended and expected to be used by pedestrians, and (2) since defendant intended and permitted the area where plaintiff fell to be used for parking, plaintiff's return to his parked vehicle from the nearest curb was an action both intended and expected by defendant.

Plaintiff maintains that his utilization of the immediate area around his vehicle for ingress and egress was both foreseeable and intended since defendant allowed and provided for parking on both sides of the street. He contends under *Di Domenico v. Village of Romeoville* (1988), 171 Ill. App. 3d 293, 525 N.E.2d 242, that since

defendant permitted curbside parking, it must have recognized the necessity of pedestrians walking in the street and using a portion of it as a pathway to and from their vehicles. Therefore, plaintiff claims that defendant had a duty to make the parking area reasonably safe for those attempting to leave or return to their parked vehicles as he was.

Defendant relies on the well-settled principle stated in *Mason v. City of Chicago* (1988), 173 Ill. App. 3d 330, 332, 527 N.E.2d 572, that a municipality owes no duty to a pedestrian crossing a public street outside of the crosswalk. Defendant urges that the court in *Di Domenico* confused foreseeability and duty and that it is the only decision imposing liability on a municipality where a pedestrian has walked in a street outside of a crosswalk. Defendant also attempts to distinguish *Di Domenico* because plaintiff's truck in this case was double-parked illegally.

■■ The only issue presented by the summary judgment proceeding was whether defendant owed a duty to plaintiff. The question of the existence of a duty is one of law, to be decided by the court, and if, based upon the pleadings and accompanying affidavits, it appears that no duty is owed plaintiff, summary judgment for defendant is proper. *Crutchfield v. Yellow Cab Co.* (1989), 189 Ill. App. 3d 1091, 1094, 545 N.E.2d 961.

■■ The well-established principle of law governing a municipality's duty to a pedestrian on its street is set forth in *Mason v. City of Chicago*, where plaintiff was crossing the street in the middle of the block to reach her car parked across the street and fell into a hole in the street:

> "[T]he City owes no duty to warn pedestrians not using the crosswalk of any hazard outside of the crosswalk. The law imposes no general duty on municipalities for the safeguarding of pedestrians when they are using the public streets as walkways. *** The law is well settled, therefore, that a municipality owes no duty to a pedestrian crossing a public street outside of the crosswalk." (173 Ill. App. 3d at 332.)

The *Mason* court concluded:

> "We are not persuaded by plaintiff's argument that the City should have foreseen that a pedestrian might walk on the street because parking was allowed on the street. It is reasonable for the City to foresee that only vehicle traffic would use the streets, while pedestrians would use crosswalks to cross to the opposite side of the street, whether to reach a parked car or for some other purpose. [Citation.] Plaintiff was not an in-

tended or permitted user of the street, and thus the City need not have foreseen her injury." (173 Ill. App. 3d at 332.)

Plaintiff's argument that, because parking was allowed at this location, defendant owed him a duty must be rejected based on *Mason*. In *Risner v. City of Chicago* (1986), 150 Ill. App. 3d 827, 502 N.E.2d 357, plaintiff was struck by a Chicago Transit Authority bus as he stepped off a sidewalk curb and attempted to cross the street in the middle of the block where there were no crosswalk lines or other traffic regulation signals. Plaintiff charged defendant with negligence in creating a dangerous condition—creating a "control flow" lane or bus traffic—failing to remedy it after having actual notice of its existence, and failing to warn. Plaintiff argued that he was a foreseeable user of the street and defendant owed him a duty to maintain its street in a reasonably safe condition. The court concluded that there was no case or statutory law to support the argument that a municipality owed a duty to a pedestrian crossing a public street at a location other than a crosswalk. *Risner*, 150 Ill. App. 3d at 831.

■■ We conclude that *Mason* and *Risner* are controlling and that defendant had no duty to a pedestrian such as plaintiff, who stepped off the curb into a hole in the street, despite the holding in *Di Domenico v. Village of Romeoville*. In *Di Domenico* the appellate court reasoned that since defendant permitted curbside parking, it must have recognized the necessity of pedestrians walking in the street and using a portion of it as a pathway to and from their vehicles. The court said it was not aware of any case presenting a similar factual situation, but we find the reasoning set forth in *Mason*, which did present a similar factual situation, to be more persuasive.

Therefore, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

COCCIA, P.J., and LORENZ, J., concur.