THOMAS PROKES, Plaintiff-Appellee, v. THE CITY OF CHICAGO, Defendant-Appellant.

First District (6th Division)   No. 1—89—3370

Opinion filed January 11, 1991.

Kelly R. Welsh, Corporation Counsel, of Chicago (Ruth M. Moscovitch, Assistant Corporation Counsel, of counsel), for appellant.

No brief filed for appellee.

JUSTICE EGAN delivered the opinion of the court:

The defendant, the City of Chicago, brought this interlocutory appeal under Supreme Court Rule 308 (107 Ill. 2d R. 308). The trial court certified the following questions for review by this court:

"1. Does the City owe a duty to maintain its property under Ill. Rev. Stat. 1987, ch. 85, par. 3—102(a), where the use of the property is an intended and permitted use, but where the user is an unintended and unpermitted user.

2. Specifically, does the City owe a duty to an adult riding a bicycle on a sidewalk where under City ordinance, bicycle rid-

ing on sidewalks is permitted and intended by persons under 12 years of age, but is prohibited to persons 12 years of age and older."

On January 8, 1990, this court allowed the defendant's application for leave to appeal. (The plaintiff did not file a response to the application.) Although the plaintiff has not filed a brief in this court, we will consider the merits of the case in accordance with the mandate of *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

The plaintiff's complaint alleged that on July 24, 1987, he was riding a bicycle on the sidewalk on the 4600 block of West 55th Street in Chicago. As he was dismounting, his foot struck a broken pipe sticking out of the sidewalk, and his foot was injured.

■ The defendant filed a motion to dismiss based on the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (Ill. Rev. Stat. 1987, ch. 85, par. 3—102(a)) and on section 27—296 of the Municipal Code of Chicago (Chicago Municipal Code §27—296 (1984)). The motion was denied on August 10, 1989. At that time the trial judge offered to certify the question of the city's duty to the plaintiff for interlocutory appeal. On November 29, 1989, the judge made the required findings under Rule 308.

Section 3—102(a) of the Tort Immunity Act provides:

"(a) Except as otherwise provided in this Article, a local public entity has the duty to exercise ordinary care to maintain its property in a reasonably safe condition for the use in the exercise of ordinary care of people whom the entity intended and permitted to use the property in a manner in which and at such times as it was reasonably foreseeable that it would be used, and shall not be liable for injury unless it is proven that it has actual or constructive notice of the existence of such a condition that is not reasonably safe in reasonably adequate time prior to an injury to have taken measures to remedy or protect against such condition." Ill. Rev. Stat. 1987, ch. 85, par. 3—102(a).

The question before us, therefore, is whether the City of Chicago "intended and permitted" the use of the sidewalk *by the plaintiff.*

Section 27—296 of the Municipal Code of Chicago provides:

"a. No person shall ride a bicycle upon a sidewalk within a business district.

b. No person twelve or more years of age shall ride a bicycle upon any sidewalk in any district, unless such sidewalk has been officially designated and signed as a bicycle route by the

Department of Public Works." Chicago Municipal Code §27—296 (1984).

At the outset, it should be made clear that the reasonableness of the ordinance was not properly raised in the trial court and is not before us.

■ It is not claimed that the plaintiff was under 12 years of age; and it was shown by affidavit that the area of the sidewalk where the plaintiff was injured was not an officially designated and signed bicycle route. It necessarily follows that the plaintiff was violating the ordinance when he was injured. It is inconceivable to us, therefore, that it may be held that the plaintiff was one "whom the [city] intended and permitted to use" the sidewalk by riding a bicycle.

In the trial court, the plaintiff relied on the case of *Larson v. City of Chicago* (1986), 142 Ill. App. 3d 81, 491 N.E.2d 165. In that case, the plaintiff was injured while roller-skating on a public sidewalk. In reversing the trial court's dismissal of the plaintiff's complaint, the appellate court first determined that the city owed a duty to maintain its sidewalks in a condition reasonably safe for all foreseeable users. (*Larson*, 142 Ill. App. 3d at 85.) The court then recognized that roller-skating is by ordinance, without limitation to any persons, a contemplated use of public sidewalks in Chicago. (*Larson*, 142 Ill. App. 3d at 85-86.) In this case bicycle riding by adults on sidewalks is expressly prohibited and is, therefore, not a contemplated or permitted use by the plaintiff. *Larson* is thus distinguishable. We, therefore, answer both certified questions in the negative and find that on the record before us the complaint should have been dismissed.

The order of the circuit court denying the defendant's motion to dismiss is vacated, and the cause is remanded for further proceedings.

Vacated and remanded.

RAKOWSKI, P.J., and McNAMARA, J., concur.