RAYMOND GREENE, Plaintiff-Appellant, v. THE CITY OF CHICAGO, Defendant-Appellee.

First District (1st Division)   No. 1—90—1079

Opinion filed January 22, 1991.

312

Cooney & Conway, (Timothy R. Ocasek, of counsel), for appellant.

Kelly R. Welsh, Corporation Counsel, of Chicago (Ruth M. Moscovitch and Michelle A. Hutchinson, Assistant Corporation Counsel, of counsel), for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

Plaintiff, Raymond Green, brought this action against defendant, City of Chicago, to recover for injuries he sustained when he stepped off the curb while on a way to a friend's house and fell into a pothole on the street. Plaintiff was not walking within a crosswalk when he fell. Plaintiff alleged that defendant had a duty to maintain the streets, and its negligent failure to repair the pothole created a dangerous and defective condition on the street. Defendant moved for summary judgment on the grounds that a municipality owes no duty to pedestrians crossing a public street outside of the crosswalk. The circuit court granted summary judgment for defendant, stating that the streets are made for automobiles, not for pedestrians except at intersections where there are marked or unmarked crosswalks.

Plaintiff raises the following issues on appeal: (1) defendant had a duty to maintain the street in a reasonably safe condition for its intended, expected and foreseeable uses, including the areas intended and expected to be used by pedestrians, and (2) since plaintiff fell into a pothole on the street only two to three feet from the curb and defendant permitted the location where plaintiff fell to be used for parking, plaintiff's fall in that area was an action both intended and expected by defendant. We affirm.

■ The only issue presented at the summary judgment proceeding was whether defendant owed a duty to plaintiff. The question of the existence of a duty is one of law to be decided by the court, and if, based upon the pleadings and accompanying affidavits, it appears that no duty is owed plaintiff, summary judgment for defendant is proper. *Vlahos v. City of Chicago* (1990), 198 Ill. App. 3d 911, 556 N.E.2d 660.

■ Defendant owes no duty to warn pedestrians not using the crosswalk of any hazards outside of the crosswalk. (*Vlahos v. City of Chicago* (1990), 198 Ill. App. 3d 911, 556 N.E.2d 660; *Mason v. City of Chicago* (1988), 173 Ill. App. 3d 330, 527 N.E.2d 572; *Risner v. City of Chicago* (1986), 150 Ill. App. 3d 827, 502 N.E.2d 357.) The law imposes no general duty on municipalities for the safeguarding of pedestrians when they are using the public streets as walkways. (*Vlahos v. City of Chicago* (1990), 198 Ill. App. 3d 911, 556 N.E.2d 660; *Mason v. City of Chicago* (1988), 173 Ill. App. 3d 330, 527 N.E.2d 572; *Deren v. City of Carbondale* (1973), 13 Ill. App. 3d 473, 300 N.E.2d 590.) To demand such a duty would overextend a municipal function. (*Vlahos v. City of Chicago* (1990), 198 Ill. App. 3d 911, 556 N.E.2d 660; *Mason v. City of Chicago* (1988), 173 Ill. App. 3d 330, 527 N.E.2d 572; *Deren v. City of Carbondale* (1973), 13 Ill. App. 3d 473, 300 N.E.2d 590.) The law is well settled, therefore, that a municipality owes no duty to a pedestrian crossing a public street outside of the crosswalk. *Vlahos v. City of Chicago* (1990), 198 Ill. App. 3d 911, 556 N.E.2d 660; *Mason v. City of Chicago* (1988), 173 Ill. App. 3d 330, 527 N.E.2d 572; *Risner v. City of Chicago* (1986), 150 Ill. App. 3d 827, 502 N.E.2d 357; *Deren v. City of Carbondale* (1973), 13 Ill. App. 3d 473, 300 N.E.2d 590.

■ We believe that *Di Domenico v. Village of Romeoville* (1988), 171 Ill. App. 3d 293, 525 N.E.2d 242, is inapplicable in the case at bar. In *Di Domenico*, the Third District Appellate Court held that since the defendant permitted curbside parking on the street where plaintiff fell en route to the trunk of his legally parked vehicle, it must have recognized the necessity of pedestrians walking in the street and using a portion of it as a pathway to and from their vehicles. However, the instant case does not present a similar factual situation, and we conclude that defendant had no duty to a pedestrian such as the plaintiff who stepped off the curb into a pothole in the street. (See *Vlahos v. City of Chicago* (1990), 198 Ill. App. 3d 911, 556 N.E.2d 660.) We are not persuaded by the plaintiff's argument that because parking was allowed at this location on the street, defendant owed him a duty. The plaintiff in the present case was not en route to

314

or from his motor vehicle, but was crossing the street outside the crosswalk to go to a friend's house.

We also note that in *Princivalli v. City of Chicago* (1990), 202 Ill. App. 3d 525, 559 N.E.2d 1190, we held that the questions of whether plaintiff was an intended and permitted user of the street and whether his use of the street was reasonably foreseeable must be resolved before summary judgment on the issue of defendant's duty can be entered. We believe that the trial court in the present case did correctly determine that plaintiff was not an intended and permitted user of the street because he was a pedestrian crossing the street outside of a crosswalk; therefore, his use of the street was not reasonably foreseeable.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Judgment affirmed.

CAMPBELL and BUCKLEY, JJ., concur.