# Illinois Official Reports

## Appellate Court

---

### *Swain v. City of Chicago*, 2014 IL App (1st) 122769

---

| | |
|---|---|
| Appellate Court Caption | RANDALL SWAIN, Plaintiff-Appellant, v. THE CITY OF CHICAGO, Defendant-Appellee. |
| District & No. | First District, Second Division<br>Docket No. 1-12-2769 |
| Filed | May 13, 2014 |
| Rehearing denied | June 17, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action for the injuries plaintiff suffered when he stepped into a pothole while crossing a city street, the denial of the city's initial motion for summary judgment on the ground that a genuine issue of material fact existed as to whether the city had a duty to plaintiff with regard to the pothole was not the law of the case when the case was reassigned to a different judge and set for trial and the new judge granted the city's oral "motion for a directed finding" at a pretrial conference based on the finding that the city had no duty to plaintiff as a matter of law because the pothole was "approximately 6 inches outside the crosswalk" plaintiff was using when he fell, since the city's motion was a motion to reconsider the earlier denial of summary judgment, not a "motion for a directed finding," and under the circumstances, the law of the case doctrine did not apply, the prior denial of summary judgment was an interlocutory ruling that the trial court was not barred from reconsidering, and no duty of care existed as to the pothole that was outside the crosswalk plaintiff was using. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 10-L-1434; the Hon. Richard J. Elrod, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Horwitz & Horwitz & Associates, Ltd., of Chicago (Michael Silverman, of counsel), for appellant.

Stephen R. Patton, Corporation Counsel, of Chicago (Benna Ruth Solomon, Myriam Zreczny Kasper, Suzanne M. Loose, and David G. Priddy, Assistant Corporation Counsel, of counsel), for appellee.

Panel

JUSTICE LIU delivered the judgment of the court, with opinion.
Justices Simon and Pierce concurred in the judgment and opinion.

**OPINION**

¶ 1    Plaintiff, Randall Swain, filed a negligence action against the City of Chicago (the City) to recover for injuries that he sustained after stepping into a pothole while crossing a city street. The City moved for summary judgment, and the circuit court denied the motion on the ground that there was a genuine issue of material fact as to whether the pothole gave rise to a duty owed by the City. The case was subsequently reassigned to a different judge and set for trial. During a pretrial conference, the City made an oral "motion for a directed finding." The court granted this motion and found, as a matter of law, that the City did not owe a duty to plaintiff because the pothole was located outside of the crosswalk that plaintiff was using at the time of the incident. Plaintiff now contends that: (1) the circuit court was prohibited from entering a directed finding under the law of the case doctrine; and (2) the court erred in finding that the City did not owe him a duty as a matter of law. For the following reasons, we affirm.

¶ 2                            BACKGROUND
¶ 3    The facts of this case are not in dispute. On April 3, 2009, plaintiff was attending a conference in Chicago. About 11:50 a.m., he left the Embassy Suites hotel at 620 State Street and walked southbound to catch a train to the Palmer House. As he was walking through the intersection at Ohio Street, he stepped on the edge of a pothole with his right foot and heard his foot break with a snap. Plaintiff testified during his deposition that he was walking within the crosswalk at the time of the injury, but also acknowledged that the pothole was about five inches outside of the crosswalk. The photographs of the pothole in question confirm that the pothole, in its entirety, was located outside of the crosswalk.

¶ 4    On August 30, 2010, the City filed a motion for summary judgment, asserting that it owed no duty to plaintiff because he was not an intended and permitted user of the area where the pothole was located, *i.e.*, the area outside of the crosswalk. On December 3, 2010, the circuit court denied the City's motion on the ground that there was a "genuine issue of material fact as to whether the pothole, a part of which could be considered *within* the crosswalk, giving [*sic*] rise to a duty on the part of the City." (Emphasis in original.) According to the court's order, it

was plaintiff's contention that "the pothole was just an inch outside the crosswalk and his foot caught it as he walked near the edge." The court explained that while plaintiff had testified that he "was walking *within* the crosswalk and stepped on the edge of the pothole" at the time of the incident, he had also testified that "while walking *within* the crosswalk, his foot stepped outside the crosswalk and encountered the edge of the pothole." (Emphases in original.)

¶ 5       Following the denial of the City's motion, this case was reassigned to a new judge and set for trial. At the pretrial conference hearing on August 27, 2012, the court acknowledged the December 3, 2010 order denying summary judgment. The court then sought the parties' input on how the jury should be instructed with respect to the City's duty. The City argued that there was "no genuine issue of material fact" and that "[t]he determination of duty is a question of law." It then made an "oral motion for a directed finding," and the court granted the motion and entered judgment for the City. The court found that "the pothole was approximately 6 inches outside of the crosswalk and that the City owes no duty to Plaintiff even though Plaintiff was an intended and permitted user inside the crosswalk for defects that are outside of the crosswalk." The court held that the City was immune from liability for defects outside of the crosswalk, as a matter of law, pursuant to the Local Governmental and Governmental Employees Tort Immunity Act (745 ILCS 10/3-102 (West 2012)). Plaintiff timely appealed pursuant to Illinois Supreme Court Rule 303 (eff. May 30, 2008).

¶ 6                                                          ANALYSIS
¶ 7       Before addressing plaintiff's contentions, the parties appear to agree that the circuit court erroneously characterized the City's motion as a "motion for a directed finding," when it was, in fact, more akin to a motion to reconsider the court's previous denial of summary judgment. It is well settled that "[a] motion is defined by its substance rather than its heading." *Langone v. Schad, Diamond & Shedden, P.C.*, 406 Ill. App. 3d 820, 829 (2010). Here, in arguing before the court, the City used summary judgment language, stating that there was no "genuine issue of material fact" in this case and that the issue of whether it owed a duty to plaintiff was "a question of law." See 735 ILCS 5/2-1005(c) (West 2012). The City also relied exclusively on the pleadings, depositions, and admissions on file, *i.e.*, the evidence considered on a motion for summary judgment, since there had been no trial proceedings. *Id.* A motion for a directed finding, by contrast, is only properly brought during a trial "at the close of plaintiff's case" (735 ILCS 5/2-1110 (West 2012)), a point which was never reached in the present case. Under the circumstances, we agree that the language used by the City and the procedural posture of this case all support the conclusion that the City's motion was a motion to reconsider the denial of summary judgment rather than a motion for a directed finding. We therefore consider the City's motion as such as we turn to plaintiff's specific contentions.

¶ 8                      A. The Court Was Not Barred From Reconsidering Its Prior Ruling
¶ 9       Plaintiff contends that, under the law of the case doctrine, the circuit court was prohibited from reconsidering its order denying the City's motion for summary judgment. "Generally, the law of the case doctrine bars relitigation of an issue previously decided in the same case." *Krautsack v. Anderson*, 223 Ill. 2d 541, 552 (2006). That said, "[a] trial court order becomes the 'law of the case' only if there is a final and appealable order." *McDonald's Corp. v. Vittorio Ricci Chicago, Inc.*, 125 Ill. App. 3d 1083, 1087 (1984).

¶ 10    Here, the circuit court's order denying summary judgment to the City was interlocutory in nature (*Clark v. Children's Memorial Hospital*, 2011 IL 108656, ¶ 119) and thus never the law of the case (*McDonald's Corp.*, 125 Ill. App. 3d at 1087). Furthermore, contrary to plaintiff's claim, a judge acts within the bounds of his or her authority when reconsidering a prior ruling in the same case by a different judge, so long as the record lacks evidence of bad faith or "judge shopping" by the movant seeking reconsideration. See *Rowe v. State Bank of Lombard*, 125 Ill. 2d 203, 214 (1988) (finding that judge had authority, after being assigned a case in the ordinary course of judicial reassignment, to reconsider previous judge's denial of summary judgment). Plaintiff has not asserted any basis for this court to find that the City's request to reconsider the denial of summary judgment was made in bad faith, and the record does not show that this case was reassigned as a result of any efforts by the City to obtain a substitution of judge. Under the circumstances, we find nothing that would have precluded the circuit court from reconsidering the previous denial of summary judgment. We therefore reject plaintiff's claim.

¶ 11                    B. Summary Judgment Is Proper Where No Duty of Care Exists

¶ 12    Plaintiff also contends that the circuit court erred in granting summary judgment to the City. He claims that because he was walking within the crosswalk at the time of his injury, he was an intended and permitted user of the street and, therefore, he was owed a duty of care by the City.

¶ 13    "Summary judgment is appropriate when 'the pleadings, depositions and admissions on file, together with the affidavits, if any, show that there is no issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' " *Tunca v. Painter*, 2012 IL App (1st) 110930, ¶ 13 (quoting 735 ILCS 5/2-1005(c) (West 2010)). We review *de novo* the trial court's ruling on a motion for summary judgment. *Id.*

¶ 14    "[T]o recover in an action for negligence, a plaintiff must establish the existence of a duty owed by the defendant to the plaintiff, a breach of that duty, and an injury to the plaintiff proximately caused by the breach." *Sameer v. Butt*, 343 Ill. App. 3d 78, 85 (2003) (citing *Ward v. K mart Corp.*, 136 Ill. 2d 132, 140 (1990)). "The question of the existence of a duty is a question of law, and in determining whether a duty exists, the trial court considers whether a relationship existed between the parties that imposed a legal obligation upon one party for the benefit of the other party." *Id.* (citing *Rowe v. State Bank of Lombard*, 125 Ill. 2d 203, 215 (1988)).

¶ 15    The dispositive issue in this appeal is whether the City owed a duty to plaintiff pursuant to section 3-102 of the Local Governmental and Governmental Employees Tort Immunity Act (the Tort Immunity Act) (745 ILCS 10/3-102 (West 2012)). That section provides:

> "Except as otherwise provided in this Article, a local public entity has the duty to exercise ordinary care to maintain its property in a reasonably safe condition for the use in the exercise of ordinary care of people whom the entity intended and permitted to use the property in a manner in which and at such times as it was reasonably foreseeable that it would be used, and shall not be liable for injury unless it is proven that it has actual or constructive notice of the existence of such a condition that is not reasonably safe in reasonably adequate time prior to an injury to have taken measures to remedy or protect against such condition." 745 ILCS 10/3-102(a) (West 2012).

Our supreme court has noted that "[s]ection 3-102(a) of the Act only imposes a duty of ordinary care on municipalities to maintain property for uses that are *both* permitted *and intended*." (Emphases in original.) *Vaughn v. City of West Frankfort*, 166 Ill. 2d 155, 160 (1995). "Whether a particular use of property was permitted and intended is determined by looking to the nature of the property itself." *Id.* at 162-63.

¶ 16   It is well-settled law that a municipality owes no duty to a pedestrian who crosses a public street outside of the crosswalk. See *Harden v. City of Chicago*, 2013 IL App (1st) 120846, ¶ 20 (citing cases in which the Illinois courts found no duty of care owed to pedestrians who attempted to cross the road without using the crosswalk).

¶ 17   In *Vaughn*, the plaintiff brought a negligence suit against the City of West Frankfort after stepping into a hole while crossing the street midblock. *Vaughn*, 166 Ill. 2d at 157. There, the supreme court recognized that "[t]he general rule *** in Illinois with regard to the duty of a municipality to maintain its streets in a reasonably safe condition is that, since pedestrians are not intended users of streets, a municipality does not owe a duty of reasonable care to pedestrians who attempt to cross a street outside the crosswalks." *Id.* at 158. The supreme court additionally explained:

> "[T]he question of whether a municipality owes a duty does not depend on whether the plaintiff-pedestrian was struck by a moving vehicle or tripped over a pothole, but rather *depends on whether the municipality intended that the plaintiff-pedestrian walk in that part of the street where the injury occurred and permitted the plaintiff-pedestrian to do so*. [Citation.] We note that, except for those cases in which street defects were in the area immediately around a parked vehicle, Illinois courts have refused to impose a duty on municipalities for injuries to pedestrians which were caused by those defects. [Citations.]" (Emphasis added.) *Id.* at 163.

Ultimately, the supreme court held in *Vaughn* that "local municipalities owe no duty to maintain streets and roadways in a reasonably safe condition for pedestrians who choose to cross the street outside the protection of the crosswalks." *Id.* at 164.

¶ 18   In *Wojdyla v. City of Park Ridge*, the plaintiff brought a negligence suit against the City of Park Ridge after her husband was struck and killed by an automobile while crossing a highway where there was no crosswalk. *Wojdyla v. City of Park Ridge*, 148 Ill. 2d 417, 419-20 (1992). The supreme court held that the decedent was not an intended and permitted user of the highway, stating:

> "To determine the intended use of the property involved here, we need look no further than the property itself. The roads are paved, marked and regulated by traffic signs and signals for the benefit of automobiles. Parking lanes are set out according to painted blocks on the pavement, signs or meters on the sidewalk or parkway, or painted markings on the curb. Pedestrian walkways are designated by painted crosswalks by design, and by intersections by custom. These are the indications of intended use. That pedestrians may be permitted to cross the street mid-block does not mean they should have unfettered access to cross the street at whatever time and under whatever circumstances they should so choose. Marked or unmarked crosswalks are intended for the protection of pedestrians crossing streets, and municipalities are charged with liability for those areas. Those areas do not, however, include a highway in midblock." *Id.* at 426.

¶ 19    Recently, in *Harden v. City of Chicago*, 2013 IL App (1st) 120846, this court applied section 3-102 in circumstances similar to those present here. In *Harden*, the plaintiff was crossing Adams Street when her foot became caught in a large metal plate that was " 'between the stop line and the two crosswalk lines.' " *Id.* ¶¶ 5-6. The plaintiff heard a crack and was later treated for a broken tibia, fibula, and ankle. *Id.* ¶¶ 6-7. The plaintiff testified during her deposition that it had been snowing at the time of her injury and that there was less than half an inch of snow on the ground. *Id.* ¶ 4. She also filed an affidavit stating that she could not see the crosswalk lines because of the snow and pedestrians. *Id.* ¶ 10. Another witness who had been walking with her stated in his affidavit that he was unable to see the lines of the crosswalk, as "it was snowing heavily and the sidewalks, streets and crosswalks were covered with snow" and they " 'were also surrounded by other pedestrians in front, behind and on each side.' " *Id.* ¶ 11. The plaintiff testified that she had crossed the street " 'somewhere before the stop line where the crosswalk lines are' " and that the metal plate was outside of the crosswalk. *Id.* ¶ 12. The photograph in the record revealed that " 'the metal plate which plaintiff alleges caused her fall was not within the marked crosswalk.' " *Id.* The circuit court granted summary judgment in favor of the City, concluding that " 'plaintiff's chosen path to cross the street in question was not in the City's intended and permitted use of the street' under section 3-102." *Id.*

¶ 20    On appeal, this court affirmed the circuit court's determination that, as a matter of law, the City did not owe plaintiff a duty. We found that the City had a marked crosswalk which was intended for pedestrian use. *Id.* ¶ 37. The plaintiff, however, argued that the City owed pedestrians outside of the crosswalk a duty during inclement weather, because "it was reasonably foreseeable that pedestrians would walk outside of the marked crosswalk when snow rendered the crosswalk lines invisible." *Id.* ¶ 31. This court disagreed, finding:

> "Here, the City did not intend for pedestrians to cross outside of a marked crosswalk and the street, *even that portion close to the crosswalk*, was not intended for pedestrians. While it may be foreseeable that pedestrians would cross the street outside of the crosswalk, the supreme court has made it clear that foreseeability does not change the intended use." (Emphasis added.) *Id.* ¶ 30.

¶ 21    In rejecting the plaintiff's argument, we also noted that "it is the intent of the municipality that determines the intended use of the property" and that the intended uses of the street and crosswalk were "not altered by the presence of snow." *Id.* ¶ 37. We found no legal authority for the proposition that the duty to pedestrians changes even if "the weather diminishes visibility or renders the crosswalk invisible." *Id.* We concluded that the plaintiff was injured while crossing outside of a marked crosswalk and the evidence clearly established that the metal plate was located outside of the crosswalk.

¶ 22    The clear import of *Harden*, *Wojdyla*, and *Vaughn* is that a municipality owes no duty of care to pedestrians who cross the street outside of a crosswalk.

¶ 23    Here, plaintiff attempts to distinguish the instant case on the ground that he was partially within the crosswalk at the time of his injury. He specifically argues that it is his location when he is injured that controls the issue of duty and that it is irrelevant that the pothole that caused his injury was entirely outside of the crosswalk.

¶ 24    Contrary to plaintiff's claim, the supreme court has expressly held that it is the nature of the property where the plaintiff is injured that determines whether a duty is owed under section 3-102. *Vaughn*, 166 Ill. 2d at 160, 162-63. It is therefore of no consequence that plaintiff was partially within the crosswalk at the time of his injury because it is undisputed that he was

injured while stepping into a pothole that was located *outside of the crosswalk*. Since plaintiff was injured stepping into an area that the City clearly had not intended for pedestrian use, the City did not owe plaintiff any duty pursuant to section 3-102 of the Tort Immunity Act. 745 ILCS 10/3-102(a) (West 2012); see also *Vaughn*, 166 Ill. 2d at 164; *Wojdyla*, 148 Ill. 2d at 426; *Harden*, 2013 IL App (1st) 120846, ¶ 37. The circuit court's order granting the City summary judgment was therefore entirely proper.

¶ 25     Plaintiff asks us to make an exception to the general rule that a pedestrian is not an intended and permitted user of the area of the street outside of a crosswalk, citing *Curatola v. Village of Niles*, 154 Ill. 2d 201 (1993), and *Di Domenico v. Village of Romeoville*, 171 Ill. App. 3d 293 (1988). In *Curatola* and *Di Domenico*, the supreme court and this court created the exception that a municipality has a duty to maintain the street immediately around a legally parked vehicle for individuals to enter and exit the vehicle. *Curatola*, 154 Ill. 2d at 213, 216; *Di Domenico*, 171 Ill. App. 3d at 295. *Curatola* and *Di Domenico* do not persuade us that an exception is warranted in a case such as this. We follow the reasoning set forth in *Harden*, which addressed a similar argument made by the plaintiff in that case:

> "[T]he limited exception outlined in *Curatola* does not support plaintiff's position because the legally intended path for pedestrians is the crosswalk. The *Curatola* exception imposes a duty to a municipality for parking lanes and not the entire street, similarly a duty exists to maintain crosswalks for pedestrian use, *not the area outside of the crosswalk*." (Emphasis added.) *Harden*, 2013 IL App (1st) 120846, ¶ 34.

¶ 26     Plaintiff claims that an exception should be made where a person is walking within a designated crosswalk area and is injured by a pothole located outside of the crosswalk lines. He claims that in such a case the person is "where he is intended to be" and therefore should be considered a "permitted and intended user and owed a duty." The inconsistency in plaintiff's argument is that a pedestrian who is using the crosswalk is not, in fact, "where he is intended to be" when he steps outside of the crosswalk. When he steps onto the street area outside of the lines of the crosswalk, he removes himself from the property that the City provides specifically for pedestrian traffic and, instead, uses the property intended solely for vehicular traffic. The fact that plaintiff was using the crosswalk *part of the time* while crossing the street, absent any indicia of a defect *within* the crosswalk that would have caused him to step outside of it, does not establish a basis for an exception to the rule. If we were to adopt plaintiff's proposition, we would be opening the door to exceptions for innumerable circumstances that are unrelated to the municipality's permitted and intended use of the street. We find plaintiff's argument unpersuasive and therefore decline to create an exception that would extend the City's duty of care to pedestrians who walk outside of a crosswalk.

¶ 27     For the reasons stated, we affirm the order of the circuit court of Cook County granting summary judgment to the City.

¶ 28     Affirmed.